# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN DELUCA, | : | No. 3:19cv1661 |
|     Plaintiff | : | |
|   v. | : | (Judge Munley) |
| | : | |
| PROGRESSIVE ADVANCED | : | |
| INSURANCE COMPANY, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the court for disposition is Defendant Progressive Advanced Insurance Company's (hereinafter "defendant") motion to dismiss Count II of plaintiff's complaint. The parties have briefed their respective positions and the matter is ripe for disposition.

## Background

Plaintiff Colleen Deluca owned a Saab automobile covered under a policy of automobile insurance issued by defendant. (Doc. 1-1, Compl. ¶ 4). On August 28, 2017, plaintiff was involved in an automobile accident in Fairview Township, Luzerne County, Pennsylvania. (Id. ¶ 7-8). A vehicle turned in front of plaintiff's vehicle suddenly and without warning and then fled the scene. (Id. ¶ 8). The accident was solely caused by the unidentified driver of this vehicle. (Id. ¶ 9). The accident caused the following injuries in plaintiff: concussion, head and neck injury, back and spine injury, sleeplessness, headaches, loss of memory,

extreme pain and suffering and soft-tissue injuries throughout her body. (Id. ¶ 16). She suffered, *inter alia*, pain, discomfort, frustration, and embarrassment, which is expected to continue for an indefinite time into the future. (Id. ¶ 10). She received medical treatment for her injuries and will need future medical treatment. (Id. ¶ 11).

Plaintiff's automobile insurance policy provided uninsured motorist (hereinafter "UM") coverage of $300,000.00. (Id. ¶ 17). Defendant has refused to pay plaintiff these benefits. (Id. ¶ 21). Accordingly, plaintiff filed the instant two-count complaint. Count I is a cause of action for breach of insurance contract and Count II is a cause of action for insurance bad faith pursuant to 42 PA. CONS. STAT. ANN. § 8371 (hereinafter "section 8371"). Defendant has moved to dismiss Count II pursuant to Federal Rule of Civil Procedure 12(b)(6), bringing the case to its present posture.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff is a citizen of Pennsylvania. (Doc. 1, Notice of Removal ¶ 5). Defendant is a citizen of Ohio. (Id. ¶ 8). Defendant Progressive Insurance is incorporated under the laws of the State of Ohio with its principal place of business in Mayfield Village, Ohio. (Id. ¶ 7) Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists

among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over this case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"); 28 U.S.C. § 1441 (A defendant can generally move a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tomkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant filed its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must

3

describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

4

that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

**Discussion**

Section 8371 authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty

5

(i.e., good faith and fair dealing), through some motive of self-interest
or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky)).

The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688).

Defendant argues that here, plaintiff has merely pled conclusory, boilerplate allegations of bad faith with no factual support. Such conclusory allegations are insufficient to meet the pleading standard according to the defendant. After a careful review of the plaintiff's complaint, we disagree.

Plaintiff's complaint pleads facts indicating that defendant's actions were unreasonable. Plaintiff alleges that she was injured in an automobile accident that was covered by the insurance policy. (Doc. 1-1, Compl. ¶¶ 16-17). She notified defendant of the damages and provide it with sufficient documentation to support her claim, including updating records for ongoing medical treatment. (Id.

¶¶ 32-34).  Defendant refused to make a reasonable offer of settlement despite plaintiff trying to work with it and despite the "mountain of evidence" that she had provided.  (Id. ¶ 35).  "[D]espite the results of any investigations performed by [defendant] and the clear medical documentation supporting their claim for UM benefits, [defendant] has blatantly ignored the evidence, has done no further investigation and has simply denied [plaintiff] the recovery of appropriate UM benefits without explaining its reason for the denial. (Id. ¶ 42).   These allegations are sufficiently specific to make out a claim for bad faith – at least with respect to the first prong, that defendant lacked a reasonable basis for denying the benefits at issue.

    Defendant compares this case to Smith v. State Farm Mut. Auto. Ins. Co., 506 F. App'x 133 (3d Cir. 2012) where the Third Circuit affirmed dismissal of a bad faith insurance claim because the allegations were too general.  The allegations in that case, however, were much more general than the allegations present here.  The complaint in Smith asserted that the defendant had acted unfairly in settlement negotiations and misrepresented coverage.  Id. at 136.  Further, the exhibits attached to the complaint indicated that the defendant did not engage in bad faith.  Id.  This is not analogous to the instant case where the allegations are much more specific and no exhibits indicate that the defendant acted in good faith.

Additionally, we find that plaintiff has sufficiently pled the second element of a bad faith claim, that is, that defendant knew or recklessly disregarded its lack of reasonable basis to deny the benefits. Plaintiff's complaint makes a general allegation that defendant knew it had no basis to deny the claim. (Doc. 1-1, Compl. ¶ 48). We find that at this stage of the proceedings, such an allegation is sufficient to survive a motion to dismiss. This element goes to the knowledge and state of mind of the defendant. Plaintiff will not be able to fully inquire into such matters until discovery occurs in the case. Accordingly, we find that the motion to dismiss should be denied.

**Conclusion**

For the reasons set forth above, when the allegations of the breach of contract claim and the bad faith claim are read together, we find that plaintiff has sufficiently pled a bad faith claim. Defendant's motion to dismiss Count II of the Complaint will thus be denied. An appropriate order follows.

**BY THE COURT:**

**Date:<u>November 6, 2019</u>**                          <u>**s/ James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**